UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NICHOLAS PAGAN,

      Plaintiff(s),

                            Case No.: 9:25-cv-80602

v.

RELEAF MMC OF FLORIDA, INC

      Defendant.

## JOINT MOTION FOR APPROVAL AND ENTRY OF CONSENT DECREE AND DISMISSAL OF THE ACTION WITH PREJUDICE

Plaintiff, Nicholas Pagan  and Defendant, Releaf MMC of Florida (the "Parties") jointly move the Court to approve and enter the attached Consent Decree and, dismiss this action with prejudice, and as grounds therefore state as follows:

1.      The Parties entered into a Confidential Settlement Agreement and Consent Decree in the above referenced matter. A copy of the Consent Decree is attached hereto as Exhibit "A."

2.      The Parties agree and submit that the attached Consent Decree is fundamentally fair, adequate, and reasonable to improve access for persons with disabilities who seek to use the Website, and otherwise meets the purposes of Title III of the ADA. *See United States v. City of Miami*, 664 F.2d 435, 439 (5th Cir. 1981) (en banc); *The Maher Law Firm, P.A. v. Newlin*, 2020 U.S. Dist. LEXIS 13280, at *1 (M.D. Fla. Jan. 27, 2020).

3.      The Consent Decree "(1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction, (2) comes within the general scope of the case made by the pleadings, and (3) furthers the objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (internal bracketing omitted) (*citing Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 525 (1986));

*accord*, *Crosson v. Popsockets LLC*, No. 19-cv-200 (CBA)(LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), *adopted by* 2019 WL 6134153 (Nov. 19, 2019); *Riverkeeper, Inc. v. MLV Concrete Inc.*, No. 14-cv-3762 (LDH)(PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), *adopted by* 2017 WL 3172859 (July 25, 2017); *see also*, *Figueroa v. Arhaus, LLC*, No. 18 Civ. 10491 (GWG) (S.D.N.Y. Feb. 20, 2019) (ECF No. 16) (opinion stating that the above standard should apply in a similar ADA action in order to approve a consent decree in an action between private parties).

4.     Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement. A consent decree is enforceable by others in ways that private settlement agreements are not. See *Poschmann v. Lauderdale Boutique Hotel, LLC*, 2020 WL 6785336, at *3 (S.D. Fla. Oct. 23, 2020), *report and recommendation adopted sub nom. Pschmann v. Lauderdale Boutique Hotel, LLC*, 2020 WL 6781788 (S.D. Fla. Nov. 18, 2020).

5.     The consent decree also fulfills the same role as this Court's requirement that dismissal of this case include an injunction for future compliance. See ECF 2.

6.     The approval of a consent decree has been determined appropriate in similar cases. *See Spence v. Melody Mantra, Inc.*, 2018 U.S. Dist. Lexis 150695 (S.D. Fla 2018) (approving consent decree and dismissing the case with prejudice); *Mandrinan v. Miami Shores Vill.*, 2019 U.S. Dist. Lexis 218664 (S.D. Fla. Dec. 18, 2019).

7.     Specifically in the context of ADA-accessible websites, courts in this District have entered consent decrees when defendants agree to modify their website, or have already done so at the time the consent decree is entered. In *Poschmann*, 2020 WL 6785336, at *3, the Court found

a consent decree reasonable and fair because the changes to the defendant's website "address[ed] the requirements of the ADA regulations and accomplish[ed] Plaintiff's goal in vindicating the civil rights of disabled individuals." *Id*. The consent decree also "furthers the purpose of the ADA in providing a "national mandate for the elimination of discrimination against individuals with disabilities" and standards for addressing such discrimination." *Id*.

8.      In accordance therewith, the Parties respectfully request that the Court review, approve, ratify and enter the attached Consent Decree, and retain jurisdiction to enforce the Consent Decree. *See, e.g.*, *Mandrinan v. Miami Shores Vill.*, 2019 U.S. Dist. Lexis 218664 (S.D. Fla. Dec. 18, 2019).

9.      The Parties also request that this Action be dismissed with prejudice, with each party bearing its own fees and costs.

10.      In accordance with Local Rule 7.1(a)(3), the Parties conferred and agreed to jointly file for the relief requested herein. This request is made in good faith and will not prejudice any party to this Action.

11.      Therefore, the Parties jointly request that this Court grant the Joint Motion to Approve the Consent Decree and Dismiss the Action with Prejudice.

Dated:  June 23, 2025

For Plaintiff:

By:/s/Alberto R. Leal

Alberto R. Leal, Esq
8927 Hypoluxo Road #157
Lake Worth, FL 33463
Phone:954-637-1868

For Defendant:

By:/s/ *Jonathan A. Beckerman*
Jonathan A. Beckerman
LEWIS BRISBOIS BISGAARD &
SMITH LLP
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Jonathan.Beckerman@lewisbrisbois.com
Tel: 954.728.1280